# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CHRISTOPHER BUCHANAN**  **PLAINTIFF**
**ADC #176655**

v.  No: 3:24-cv-00074-BRW-PSH

**MICHAEL ROBERTS**, *et al.*  **DEFENDANTS**

## ORDER

Before the Court are two motions filed by plaintiff Christopher Buchanan seeking preliminary injunctive relief (Doc. Nos. 6 & 25). These motions are DENIED without prejudice. The Court cannot award injunctive relief without a proper motion.[1] *See* Local Rule 7.2(e), Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas ("Pretrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a *separate pleading accompanied by a separate brief*.") (emphasis added). Buchanan's initial motion is

---

[1] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).

labeled "Memorandum of Law in Support of Plaintiff Motion for a Temporary Restraining Order and Preliminary Injunction." Doc. No. 6. Buchanan did not file a separate motion and brief, and more importantly, he provides only general allegations with few specific facts to support his request for injunctive relief. Based on these scant allegations, the Court cannot determine if preliminary relief is warranted. Likewise, Buchanan's second motion is simply labeled "motion for an emergency order," not accompanied by a separate brief, and does not clearly set forth any facts warranting preliminary relief. Doc. No. 25. Rather, Buchanan expresses a general fear for his safety on a back hallway. *Id.*

If Buchanan believes he is still in need of preliminary relief, he must file a proper motion, accompanied by a separate brief, setting forth sufficient factual allegations to support his requests. If such a motion is filed, the Court will allow those defendants who have been served to respond,[2] and a set a hearing if one is warranted.

IT IS SO ORDERED this 19th day of September, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Service is outstanding as to defendants Deputy Director William Straughn, Coach Bata, and Sergeant Jeremy Haverstick. *See* Doc. Nos. 42, 53 & 58.