# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CHRISTOPHER BUCHANAN**  **PLAINTIFF**
**ADC #176655**

v.  No: 3:24-cv-00074-BRW-PSH

**MICHAEL ROBERTS,** *et al.*  **DEFENDANTS**

## ORDER

Plaintiff Christopher Buchanan, an Arkansas Division of Correction (ADC) inmate, filed this lawsuit on April 26, 2024 (Doc. No. 2). Buchanan's application to proceed *in forma pauperis* was granted (Doc. No. 8), and at the Court's direction, he filed an amended complaint and addendum (Doc. Nos. 14-15). Service has since been issued on all defendants, and they have filed responsive pleadings. *See* Doc. Nos. 24, 38, 56, 60, 78. On September 18, 2024, Buchanan was granted leave to file a second amended complaint. *See* Doc. Nos. 71-72. He sues Wellpath, LLC and its current or former employes (the "Wellpath Defendants") and ADC employees (the "ADC Defendants"). Due to the bankruptcy of defendant Wellpath LLC and an order extending the automatic stay to non-debtor defendants, this case was stayed in its entirety on December 20, 2024. *See* Doc. No. 116. Nevertheless, Buchanan has filed several motions that require the Court's attention.

First, Buchanan's motion to supplement his complaint (Doc. No. 117) is DENIED without prejudice. Pursuant to Federal Rule of Civil Procedure 15(a), "the court should freely give leave when justice so requires." Federal Rule 15(d) allows supplemental pleadings that set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." However, the Court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir.2003)). And supplemental claims must be sufficiently related to Buchanan's pending claims to be properly joined in this case. *See* Fed. R. Civ. P. 20 (allowing claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants). Buchanan's supplemental allegations appear to stem from his current incarceration at a different unit and are not clearly related to his claims pending in this lawsuit. Furthermore, Buchanan has not submitted a complete copy of a proposed amended complaint with his motion. He may not amend his complaint in a piecemeal fashion but must file a motion with a complete proposed amended complaint attached.

Second, Buchanan's motion to dismiss the Wellpath defendants and continue his lawsuit solely against the ADC defendants (Doc. No. 118) is DENIED without

prejudice. The Court previously determined that the claims raised by Buchanan stemming from an alleged attack that occurred on October 13, 2023, his medical treatment following that attack, and the ADC defendants' actions relating to that attack and his treatment afterwards were sufficient related to proceed in one lawsuit. It therefore serves judicial economy to keep these claims joined at this time.

Third, Buchanan's motion to appoint counsel (Doc. No. 120) is DENIED without prejudice. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action but the Court may appoint counsel at its discretion. 28 U.S.C. s. 1915(e)(1). The Court has considered Buchanan's need for an attorney, the likelihood that he will benefit from assistance of counsel, the factual complexity of the case, Buchanan's ability to investigate and present his case, and the complexity of the legal issues. In considering these factors, the Court finds that Buchanan's claims do not appear legally or factually complex, and it appears he is capable of prosecuting his claims without appointed counsel at this time.

Finally, Buchanan's motion for copies and fees (Doc. No. 123) is GRANTED. Buchanan requests a copy of the docket sheet, Doc. Nos. 15 & 15-1, and information about his filing fee. The Clerk of Court is directed to send Buchanan a copy of the docket sheet for this case and copies of Doc. Nos. 15 (Addendum) and 72 (Second Amended Complaint). There is no Doc. No. 15-1. With respect to his request for a

bill for the filing fee, the Court does not send bills. The entire filing fee of $350 remains due in this case.

    IT IS SO ORDERED this 31st day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE