IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER BUCHANAN                                                                 PLAINTIFF
ADC #176655

v.                            No: 3:24-cv-00074-KGB-PSH

MICHAEL ROBERTS, *et al.*                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff Christopher Buchanan's motion to amend his complaint to raise claims that arose after this case was filed (Doc. Nos. 152 & 152-2). His motion is DENIED, as explained below.

I.    **Case Background.**

Buchanan, an Arkansas Division of Correction (ADC) inmate, filed this lawsuit on April 26, 2024 (Doc. No. 2). At the Court's direction, he filed an amended complaint and addendum (Doc. Nos. 14-15). Buchanan sued Wellpath, LLC and several of its current or former employes (the "Wellpath Defendants") as well as several ADC employees (the "ADC Defendants"). He alleged that he was attacked by another inmate on October 13, 2023, while on yard call; that there were too many inmates on yard call at that time; that he was kept on a "back hallway" despite threats he had received there; and that he failed to receive adequate medical care following the October 13 attack. Doc. Nos. 14-15. On August 22, 2024, the Court

denied Buchanan's motion to add a claim to this case – the Court explained that Buchanan could not amend his complaint in a piecemeal fashion but must submit a complete proposed amended complaint with a motion to amend. *See* Doc. No. 54. On September 18, 2024, Buchanan was granted leave to file a second amended complaint. *See* Doc. Nos. 71-72.

Service has since been issued on all defendants, and they have filed responsive pleadings. *See* Doc. Nos. 24, 38, 56, 60, 78 & 158. Due to the bankruptcy of defendant Wellpath LLC and an order extending the automatic stay to non-debtor defendants, this case was stayed in its entirety on December 20, 2024. *See* Doc. No. 116. While this case was stayed, Buchanan moved to supplement his complaint (Doc. No. 117). On January 31, 2025, the Court denied that motion and explained to Buchanan that

> . . . supplemental claims must be sufficiently related to Buchanan's pending claims to be properly joined in this case. *See* Fed. R. Civ. P. 20 (allowing claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants). Buchanan's supplemental allegations appear to stem from his current incarceration at a different unit and are not clearly related to his claims pending in this lawsuit. Furthermore, Buchanan has not submitted a complete copy of a proposed amended complaint with his motion. He may not amend his complaint in a piecemeal fashion but must file a motion with a complete proposed amended complaint attached.

Doc. No. 125 at 2.

On February 18, 2025, Buchanan filed two motions to amend his complaint again to add additional claims that arose after he filed this case (Doc. Nos. 129 & 130). United States District Judge Billy R. Wilson entered a text order denying those motions "for the reasons previously stated and because this case is stayed." Doc. No. 131. Buchanan then asked the Court to reconsider its order denying his motions to amend his complaint because the bankruptcy stay had been partially lifted (Doc. No. 141). That motion was DENIED for two reasons. One, the stay was only lifted to allow Buchanan to proceed with a motion for injunctive relief relating to his medical care. Two, Buchanan had not followed prior instructions to submit a *complete* copy of a proposed amended complaint with a motion to amend that includes *all* of his claims and shows that they are sufficiently related to each other to be properly joined in one action. Doc. No. 144. After the stay was fully lifted, Buchanan filed an amended motion for leave to file amended complaint, which is the subject of this order. *See* Doc. No. 152.

## II.     Buchanan's Pending Motion to Amend.

Pursuant to Federal Rule of Civil Procedure 15(a), once an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the Court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be

futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003)).  Rule 15(d) allows supplemental pleadings that set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).

In his proposed amended complaint (Doc. No. 152-2), Buchanan does not set forth his original claims in this case.  Rather, he sets forth a retaliatory transfer claim based on his allegation that some of the ADC Defendants transferred him from the Grimes Unit to the Ouachita River Unit on October 4, 2024, in retaliation for a motion he filed seeking injunctive relief in this case.  *See* Doc. No. 152-2.  Thus, Buchanan fails to follow the instructions previously provided to him.  He does not restate the claims he originally raised in this case,[1] but only describes new claims that arose after this case had been pending for several months.  As indicated earlier, the Court can deny a Rule 15 motion to amend if doing so would be futile.  Adding Buchanan's retaliatory transfer claims now would be futile because he could not have exhausted his administrative remedies with respect to these claims before he filed this lawsuit.[2]  Additionally, these claims are not sufficiently related to his

---

[1] There is no indication Buchanan seeks to abandon his original claims.  The ADC Defendants have moved to dismiss Buchanan's claims against them (Doc. Nos. 158-159), and Buchanan has filed a response and brief-in-support, requesting that their motion be denied.  *See* Doc. Nos. 162-163.

[2] The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed.  *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003).

original claims in this case to be added as supplemental claims under Fed. R. Civ. P. 15(d).  Accordingly, Buchanan's motion to amend (Doc. No. 152) is DENIED.  His retaliatory transfer claims must be raised in a new lawsuit.

    IT IS SO ORDERED this 6th day of October, 2025.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE