## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CHRISTOPHER BUCHANAN**                                                    **PLAINTIFF**
*ADC #176655*

**v.**                              **No: 3:24-cv-00074-KGB-PSH**

**MICHAEL ROBERTS,** *et al.*                                              **DEFENDANTS**

## <u>ORDER</u>

Before the Court are several motions filed by Plaintiff Christopher Buchanan regarding his claims in this case (Doc. Nos. 192-194).  It is not clear what Buchanan seeks in his "Motion for Clarification on Plaintiff's Claims" (Doc. No. 192).  To the extent he seeks clarification of the claims that remain pending in this case, his motion is GRANTED.  The claims pending in this case are described in the undersigned's Partial Recommendation entered on January 12, 2026 (the "PR") (Doc. No. 175), and in the March 2, 2026 Order adopting the PR (the "March 2 Order") (Doc. No. 177).  Buchanan was sent a copy of the March 2 Order yesterday (in response to his motion for copies).  The Court directs the Clerk of Court to send him a copy of the PR with this Order.

Buchanan also moves to supplement his claims (Doc. Nos. 193-194).[1]  Those motions are DENIED.  This case has been pending for two years.  Buchanan has amended his complaint twice.  *See* Doc. Nos. 14 (Amended Complaint) & 72 (Second Amended Complaint). The Court has also denied several requests by Buchanan to further amend his claims and described in detail the requirements for doing so.  *See* Doc. No. 166.  The Court held a hearing on January 8, 2026, to allow Buchanan to explain his complaint allegations, and entered its PR detailing those allegations.  Now, just two weeks before motions on the issue of exhaustion are due, Buchanan seeks to supplement his claims again.  He provides no justification for his delay in clarifying or adding new claims.  The Court finds that allowing Buchanan to add claims or allegations at this juncture will unduly prejudice the defendants and delay the orderly administration of this case, and DENIES his motions to supplement for that reason.  *See* Fed. R. Civ. P. 15(a) (providing that once an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.").  The Court may "properly deny a party's motion to amend its complaint when such

---

[1] Although Buchanan characterizes his motions as seeking to supplement his complaint, rather than amend, the dates referenced in what appears to be his proposed supplemental complaint (Doc. No. 194) did not occur after he filed this case.  Federal Rule of Civil Procedure 15(d) allows supplemental pleadings that set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

amendment would unduly prejudice the non-moving party or would be futile."

*Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky*

*v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003)).

IT IS SO ORDERED this 28th day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE